NO. 07-03-0500-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 7, 2004


______________________________



JEREMY HUNTER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-429,897; HON. CECIL PURYEAR, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant, Jeremy Hunter, appeals the judgment revoking his probation for delivery
of a controlled substance. We dismiss the proceeding for lack of jurisdiction. 

 The judgment revoking probation, from which appellant is appealing, indicates that
sentence was imposed on March 28, 2003. Appellant then filed a notice of appeal on
November 24, 2003. No motion for new trial was filed. 

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed
on or about April 28, 2003, but was not filed until November 24, 2003. Furthermore, he
did not move for an extension of the deadline. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the
court of appeals can take no action other than to dismiss the proceeding. Id. at 523. 
Because appellant's notice of appeal was untimely filed, we have no jurisdiction to
consider the appeal. 

 Accordingly, the appeal is dismissed.

 

 Per Curiam 


Do not publish. 



effective assistance of counsel
given his attorney's failure to file a brief.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of said counsel shall be included in the
order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Friday, October 31, 2003.

 It is so ordered.


 Per Curiam



Do not publish.